Davis v. Rodgers.

———◄•►———

MATILDA J. DAVIS, in equity,
*vs.*
THOMAS B. RODGERS, administrator.

*Mode of entry to foreclose under R. S. of 1857, c. 90, § 3.*

A mortgagee in actual occupation of the mortgaged estate, after default of performance of the condition, has the right to enter peaceably in the presence of two witnesses, under R. S. of 1857, c. 90, § 3, to foreclose the mortgage for condition broken, without notifying the debtor of the intention to do so or of the fact that it has been done.

The mortgagor is bound to know whether or not he has performed the condition of his deed; and, if he has not, he must know that the law gives the right of such entry to foreclose the mortgage on account of the breach; and that the registry of deeds of the county where the land lies will inform him whether or not the creditor has exercised this right; therefore he cannot claim to be notified by the mortgagee that he has proceeded in the manner provided by law, R. S. of 1857, c. 90, § 3.

BILL IN EQUITY, to redeem from a mortgage, claimed in defence to have been legally foreclosed agreeably to the provisions of the R. S. of 1857, c. 90, § 3, as appears by the opinion, which fully states all the facts essential to an understanding of the legal questions determined.

*John F. Godfrey* for the complainant.

*A. W. Paine* for the respondent.

APPLETON, C. J.   This is a bill in equity brought to redeem a mortgage, and is dated July 24, 1871.

The bill alleges that on the twelfth day of July, 1856, one George B. Rodgers mortgaged the premises sought to be redeemed to his mother, Polly B. Rodgers, the defendant's intestate, to secure the performance of a contract of that date entered into between them by which the said George agreed to pay his mother fifty dollars annually during her life; to finish the west room in the house except papering, and to do and perform the various matters set forth in that contract; that said George fully performed his part of the contract until his decease on the eighth day of August, 1860; that this complainant then his widow, was appointed administratrix upon his estate; that having obtained a license, she sold the equity of redemption of said mortgage to Peleg T. Jones who conveyed the same to Franklin A. Wilson, from whom the title passed to this complainant; that on the thirteenth day of November, 1860, Polly B. Rodgers entered upon the mortgaged premises to foreclose the same, being then in possession and occupation of the same, and then taking the rents and profits; that the conditions of the mortgage were not broken at the time of this entry; that she remained in possession taking the

Davis *v.* Rodgers.

rents and profits to an amount greater than was due by virtue of the contract referred to in the mortgage and so continued to the time of her death upon the twenty-sixth day of September, 1870; that the complainant. was out of possession; that the entry so made was fraudulent and in secrecy; that a demand was made July 12, 1862, by F. A. Wilson on Polly B. Rodgers to state an account of rents and profits as required by the statute; and an offer made to pay what might be found due, if anything; that to this the respondent answered the same day, denying the receipt of rents and profits and claiming $348 as then due, and denying that there had been any payments of the fifty dollars to be paid annually.

The defendant in his answer admits the mortgage as set forth; the death of George B. Rodgers; the appointment of the plaintiff as his administratrix; the sale of the equity of redemption to Jones; that the title of Jones passed to F. A. Wilson and from him to the complainant; that the mortgagee resided on the place; but denies that she should account for such occupation; and asserts that the sum of fifty dollars to be paid annually has not been paid nor any portion of the same; that the west room has not been finished; that none of the conditions of the contract secured by the mortgage in question have been performed, except that his intestate had been permitted to remain in possession; that she upon the thirteenth day of November, 1860, entered for condition broken peaceably and in the presence of two witnesses, as prescribed by the statute; continued in possession of the premises until the mortgage was fully foreclosed by lapse of time, at which time there were due $350; and that since the foreclosure his intestate claimed to hold the estate in fee.

By R. S. of 1857, c. 90, § 3, a mortgagee "may enter peaceably and openly, if not opposed, in the presence of two witnesses and take possession of the premises; and a certificate of the fact and time of such entry shall be made, signed and sworn to by such witnesses before a justice of the peace" . . and the certificate is to be recorded "in the registry of deeds in which the mortgage is,

or by law ought to be, recorded within thirty days next after the entry made."

By § 4, possession obtained "in this mode shall forever foreclose the right of redemption."

It is not denied that the certificate is full and complete, containing every fact required by the statute; nor that the entry was peaceable; nor that the certificate was recorded within the time required by law.

The objection is taken that the entry was secret and fraudulent, and consequently that the attempted foreclosure was null and void.

The mortgagor, or his assignee, knew, or was bound to know whether or not there was then or had been a forfeiture of the conditions of the mortgage. He knew, or was bound to know, that the mortgagee, if there was a forfeiture, had a right to enter for condition broken; that if in possession of the mortgaged premises after such forfeiture that he might be in for the purposes of foreclosure; and that the county registry of deeds would disclose whether he had entered under the statute to foreclose or not. It, therefore, was for the mortgagor to examine the registry after forfeiture, not for the mortgagee to serve him with notice of what he had done, or of the certificate on record. In *Hobbs* v. *Fuller*, 9 Gray, 98, the facts were like those in the case at bar. "The possession taken by the defendant," observes Thomas, J., "was in conformity with the provisions of the statutes, and there is no evidence from which a waiver of his possession could have been inferred." It was there held that an entry for foreclosure of a mortgage, under a statute similar to ours duly certified and recorded was sufficient without notice to the mortgagor or to a subsequent mortgagee in possession under a previous entry for foreclosure. In *Ellis* v. *Drake*, 8 Allen, 161, an entry by a mortgagee upon mortgaged premises, made, certified and recorded as provided by the Massachusetts R. S., c. 107, § 2, has the effect of foreclosing the mortgage, after the expiration of three years, though the entry was purposely made in secret. "The rule of law, as now held," observes Dewey, J., "seems to be that the

entry by the mortgagee for condition broken, in the presence of two witnesses, and a certificate thereof duly sworn to before a justice of the peace and duly recorded, are all that is necessary to effect a foreclosure." It is to be observed, however, in the present case that there is an entire absence of evidence tending to show that the entry was purposely made in secret. Indeed, it is fairly inferable that those holding the equity of redemption were fully aware of the commencement of the proceedings to foreclose, inasmuch as a demand on the mortgagee to account was made and a reply to such demand given long before the foreclosure became perfected.

It is next objected that there was no forfeiture of the conditions of the mortgage at the time when the mortgagee entered. But such is not the fact. The west room was never finished as stipulated in the contract between the parties. Neither is there the slightest evidence that any annual payment of fifty dollars was ever made by the mortgagor between the date of the mortgage, July 12, 1856, and August 8, 1860, when the mortgagor deceased. There was then ample ground for the mortgagee to enter for condition broken.

Upon the evidence introduced the complainant fails to show that the mortgage has been paid, or that she is, on any grounds entitled to redeem.                    *Bill dismissed with costs.*

CUTTING, WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.